UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TERRENCE D. LAUREY,

                      Petitioner,              07-CV-6154-CJS

      -vs-                                 DECISION and ORDER
                                                    ADOPTING REPORT
H.D. GRAHAM, Superintendent,                  and
                                                    RECOMMENDATION

                      Respondent.

---

INTRODUCTION

On March 19, 2007, Terrence D. Laurey ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his February 6, 2002, conviction and sentence in Chemung County Court, State of New York.  The Court referred the case to the Honorable Victor E. Bianchini, United States Magistrate Judge, for a report and recommendation pursuant to 28 U.S.C. § 636(B)(1).  On June 26, 2008, Judge Bianchini filed his Report and Recommendation (Docket No. 22), recommending that the petition be denied on its merits.  Judge Bianchini directed that any objections to the Report and Recommendation be filed within ten days.  On July 21, 2008, Petitioner requested an extension of time, until September 21, 2008, to file objections.  Judge Bianchini granted the request.  On or about September 20, 2008, Petitioner filed objections (Docket No. 24) to the Report and Recommendation.  For the reasons that follow, the objections are denied, the Report and Recommendation is adopted in its entirety, and this action is dismissed.

1

BACKGROUND

The underlying facts of Petitioner's case were set forth in the Report and Recommendation, and are not in dispute. Accordingly, the Court will only repeat those facts that are relevant to the instant Decision and Order. The subject habeas petition (Docket No. 1) set forth four arguments: 1) there was insufficient identification evidence at trial to establish that Petitioner committed the robbery; 2) police officers failed to properly investigate the crime; 3) the prosecutor failed to provide defense counsel with a police report concerning a prosecution witness; and 4) a prosecution witness recanted her testimony. Significantly, Petitioner did not raise a claim of ineffective assistance of counsel as part of his habeas petition. (See, Petition at 7-8). However, in the section of the form petition that asks petitioners to list the various collateral attacks that they have made against their convictions, Petitioner indicated that he had raised ineffective assistance claims before New York state courts. (Petition at 4, 6, 9).

On March 29, 2007, the Court issued a Scheduling Order (Docket No. 3), directing, *inter alia*, that Respondent file and serve an answer to the petition, and that Petitioner file and serve a reply within thirty days of receiving such answer.

On August 31, 2007, Respondent timely filed an answer to the petition. Respondent's papers identified and discussed the same four issues set forth in the petition and described by the Court above. Namely, that: 1) there was insufficient identification evidence at trial to establish that Petitioner committed the robbery; 2) police officers failed to properly investigate the crime; 3) the prosecutor failed to provide defense counsel with a police report concerning a prosecution witness; and 4) a prosecution witness recanted her testimony. Respondent's papers did not address any

2

ineffective assistance claim, except to observe that, "petitioner does *not* raise any such ineffective assistance claim here." (Respondent's Brief at 40) (emphasis added).

On September 25, 2007, Petitioner requested an extension of time, until November 6, 2007, to file reply papers. The Court granted the application. On November 1, 2007, instead of filing a reply, Petitioner filed an application for appointment of counsel. On December 10, 2007, the Court denied the application, and advised Petitioner that it was "his responsibility to retain an attorney or press forward with this proceeding *pro se*." Subsequently, Petitioner did not file a reply, nor did he request additional time to do so.

Approximately six months later, the Court had heard nothing further from Petitioner. Accordingly, on June 26, 2008, Judge Bianchini issued a Report and Recommendation (Docket No. 22), denying the Petition on the merits. In that regard, the Report and Recommendation addressed the four grounds raised in the Petition, and concluded that they lacked merit. Accordingly, Judge Bianchini recommended that the Petition be denied. Judge Bianchini directed that any objections to the Report and Recommendation be filed within ten days. On July 21, 2008, Petitioner requested an extension of time, until September 21, 2008, to file objections. The Court granted the request.

On or about September 20, 2008, Petitioner filed the subject Objections (Docket No. 24) to the Report and Recommendation. In his recitation of the procedural history of this case, Petitioner asserted, incorrectly, that his Petition actually asserts five claims, not four. Specifically, he identified the purported fifth claim as follows: "that defense counsel provided ineffective assistance of counsel by his a) failure to investigate Bryan

3

Parker's whereabouts prior to trial; b) lied to the trial court by asserting that he had served a subpoena on Maybel Golden, when in fact he did not; failed to interview Maybel Golden prior to trial; [sic] c) failure to relay a favorable plea offer of three (3) years." (Objections at 6).  Furthermore, Petitioner indicated that his objections concerned only the purported ineffective assistance claims, which, of course, had not been addressed in the Report and Recommendation. (See, Objections [#24] at 7) ("Petitioner responds [to the Report and Recommendation] by confining his habeas application to one substantive issue; that defense counsel provided ineffective assistance of counsel.").  In other words, Petitioner's Objections are not addressed to the issues discussed in the Report and Recommendation, but instead, concern issues that were neither raised in the Petition nor responded to by Respondent.

## STANDARDS OF LAW

Pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure ("FRCP") and Title 28 U.S.C. § 636(b)(1)(C), when a magistrate judge makes a report and recommendation on a matter that is dispositive of a party's claim or defense, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FRCP 72(b)(3).  Moreover, where a party is proceeding *pro se*, the Court is required to construe his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

## DISCUSSION

Petitioner has not objected to any portion of the Report and Recommendation.

Accordingly, the Report and Recommendation is affirmed and adopted in all respects. *See, e.g., Butler v. Graham*, No. 07 Civ. 6586 (JSR), 2008 WL 2388740 at *1 (S.D.N.Y. Jun. 12, 2008) ("Butler's first objection is that his conviction was against the weight of the evidence. This argument, however, was nowhere raised in Butler's habeas petition . . . . Because Butler did not raise in his petition any argument pertaining to the sufficiency of the evidence supporting his conviction, that argument is not now properly before the Court.") (citations omitted).[1]

Since Petitioner's "objections" concern issues that were not listed as grounds for habeas relief in the petition, the Court will treat the objections as a motion to amend the petition. In that regard, "Congress provided that a habeas petition 'may be amended ... as provided in the rules of procedure applicable to civil actions.'" *Mayle v. Felix*, 545 U.S. 644, 649, 125 S.Ct. 2562, 2566 (2005) (quoting 28 U.S.C. § 2242).

In deciding whether to grant the motion to amend, the Court must consider whether the new claims, alleging ineffective assistance of counsel, would be timely. In that regard, habeas petitions pursuant to 28 U.S.C. § 2254 must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute of limitations contains the following tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with

---

[1] In deciding that the original petition does *not* set forth claims for ineffective assistance of counsel, the Court has liberally construed the *pro se* petition to raise the strongest arguments that it suggests. Having done so, it appears to the Court that Petitioner did not decide to assert the ineffective assistance claims until after the issuance of the Report and Recommendation. In that regard, the Court further observes that, prior to the issuance of the Report and Recommendation, Petitioner made no objection to Respondent's papers, which clearly indicated that the Petition did not contain an ineffective assistance claim.

respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).  However, the time for bringing a federal habeas claim is not tolled during the pendency of an already-filed federal habeas petition. *See, Duncan v. Walker*, 533 U.S. 167, 181, 121 S. Ct. 2120, 2129 (2001) ("We hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2).").

In the instant case, Petitioner's conviction became final, and his one-year limitations period began to run, in or about June 2005.  Petitioner filed several collateral attacks in New York state court, which tolled the limitations period.  The last such collateral attack was denied on January 31, 2007.  On March 19, 2007, Petitioner filed the subject action.  Petitioner did not file his "objections," which the Court is treating as a motion to amend, until September 24, 2008.  Accordingly, even assuming *arguendo* that the original petition was timely filed, it appears that the proposed amended claims are time-barred, unless they "relate back" to the original filing date of the petition, pursuant to FRCP 15(c)(2).  *Mayle v. Felix*, 545 U.S. at 649, 125 S.Ct. at 2566.  In that regard, FRCP 15(c)(1)(B) provides, in relevant part, that: "An amendment to a pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading."  However, "an amended habeas petition . . . does not relate back (and thereby escape AEDPA's[2] one-year time limit)

---

[2]The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1).

when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. at 650, 125 S.Ct. at 2566.

As discussed earlier, the original petition in this action set forth four grounds for relief: 1) there was insufficient identification evidence at trial to establish that Petitioner committed the robbery; 2) police officers failed to properly investigate the crime; 3) the prosecutor failed to provide defense counsel with a police report concerning a prosecution witness; and 4) a prosecution witness recanted her testimony. These grounds do not share a common core of operative facts with the ineffective assistance of counsel claims that Petitioner now seeks to add. Therefore, the proposed amended claims do not relate back, and are time-barred. Accordingly, the motion to amend is denied.

Even assuming that the ineffective assistance claims were not time-barred, it appears that they lack merit. To establish ineffective assistance of counsel, petitioner must meet two requirements:

> First, he must demonstrate that his attorney's performance 'fell below an objective standard of reasonableness' under the 'prevailing professional norms.' *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Second, he must show a 'reasonable probability' that absent counsel's error, the outcome of the proceeding would have been different. *Id*. at 687-88.

*Vadas v. U.S.*, 527 F.3d 16, 20 (2d Cir. 2007) (footnote omitted). When applying the first *Strickland* prong, courts must be

> mindful of the diversity of the bar and the variety of approaches effective attorneys might employ when dealing with a particular set of facts. To give appropriate deference to counsel's independent decisionmaking, we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689,

> 104 S.Ct. 2052. Another familiar risk is that, in the illuminating light of hindsight, we might look back and project ex post knowledge of consequences on the attorney's ex ante selection of one path among the many available to him. To counteract this inclination to evaluate counsel's performance against insight gained only through the passage of time, *Strickland* requires that "[w]hen assessing whether or not counsel's performance 'fell below an objective standard of reasonableness ... under prevailing professional norms,' " we must "consider the circumstances counsel faced at the time of the relevant conduct and ... evaluate the conduct from counsel's point of view." [*Davis v. Greiner*, 428 F.3d 81, 88 (2d Cir. 2005) (*quoting Strickland*, 466 U.S. at 688-89, 104 S.Ct. 2052) (first ellipsis in original).

*Parisi v. U.S.*, 529 F.3d 134, 141 (2d Cir. 2008).

Here, Petitioner contends that his trial counsel was ineffective for failing to discover the whereabouts of Bryan Parker ("Parker"), a potential alibi witness. (Objections, Docket No. 24, at 6). However, any such failure is attributable to Petitioner, who knew of Parker's whereabouts, but did not share the information with his attorney. (Transcript of May 14, 2002 *Stokes* hearing, at 33-40). In fact, during Petitioner's trial, he and Parker were confined in the same jail. Yet, Petitioner never conveyed that information to his attorney until after trial. (*Id.*). Accordingly, trial counsel was not ineffective. *See, Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997) ("In general, counsel is not ineffective for failing to discover evidence about which the defendant knows but withholds from counsel.") (citation omitted); *accord, U.S. v. Roane*, 378 F.3d 382, 406-407 (4th Cir. 2004), *cert den.*, 546 U.S. 810, 126 S.Ct. 38 (2005) (*citing Lackey v. Johnson*).

Next, Petitioner contends that his trial counsel was ineffective for failing to subpoena Maybel Golden ("Golden") to testify at trial, and for "fail[ing] to inverview Maybel Golden prior to trial." (Objections, Docket No. 24, at 6). Petitioner contends that

Golden, who allegedly owned the crack house where a prosecution witness overheard Petitioner confess to the crime, would testify that the prosecution witness had not been at her house. Petitioner's claim that his attorney never spoke to Golden prior to trial is refuted by sworn affidavits that Petitioner submitted to the trial court. Specifically, in one affidavit, Golden stated that she had spoken to defense counsel prior to trial. (Golden Affidavit, filed in Chemung County Court on July 17, 2002). Similarly, another affiant, Sylvester Ferrell ("Ferrell"), swore that, "during [Petitioner's] trial," he had accompanied defense counsel to Golden's house, and that the attorney had interviewed Golden. (Ferrell Affidavit dated June 24, 2002); (*see also*, Transcript of July 12, 2002 appearance, at p. 3, where Petitioner asserts that defense counsel interviewed Golden in Ferrell's presence) . Accordingly, there is no factual basis to support the contention that counsel failed to interview Golden. Similarly, there is no basis to the claim that counsel improperly failed to have Golden testify at trial. In that regard, the record indicates that Petitioner and defense counsel agreed that they would not seek to compel Golden to testify:

> If the Court would recall, that was at the end of the trial. I had a five-to-ten-minute conversation with the defendant, his sister, and his family members on the other side of that rail before I addressed the Court. And the record will reflect that will full consultation and the consent of the defendant, we denied the request or we rejected the request to have a material witness order signed by the Court for Maybel Golden. I didn't do that unilaterally, your Honor. That decision was made by the defendant and his family.

(Transcript of July 12, 2002 appearance, at pp. 7-8); (*see also*, Trial Transcript at pp. 392-395, 398). In any event, it is well-settled that "[t]he decision not to call a particular witness is typically a question of trial strategy that appellate courts are ill-suited to

9

second-guess." *U.S. v. Luciano*, 158 F.3d 655, 660 (2d Cir. 1998); see also, *U. S. ex rel. Walker v. Henderson*, 492 F.2d 1311, 1314 (2d Cir. 1974) ("[T]he decision to call or bypass particular witnesses is peculiarly a question of trial strategy, which courts will practically never second-guess.") (citations and footnote omitted).

As for Petitioner's claim that trial counsel failed to convey a plea offer calling for a three-year prison sentence, Petitioner claims that he discovered the "proof" of such an offer, contained in a transcript of a proceeding in a criminal prosecution against his wife. (Objections, Docket No. 24, at 15-16) ("Post trial, while reviewing the related case of People v. Wolcott (a/k/a) Laurey), it was revealed that an offer of three years of incarceration had been made to defense counsel; which was not conveyed to the Petitioner."). However, Petitioner has not submitted any proof to support that claim. Moreover, the trial court concluded, as a matter of fact, that no such offer was made. (See, Decision and Order of the Hon. James T. Hayden, dated October 24, 2006, at p. 2) ("[U]pon review of the papers submitted by defendant and the answering papers of the People, this Court finds defendant's claim to be apocryphal.  And even if defendant's claim were true, it does not rise to the level of ineffective assistance of counsel, inasmuch as nowhere in defendant's claim does he assert that counsel misle[d] him as to his potential maximum exposure if he went to trial.").  Putting aside the alternative reasoning given by Judge Hayden, it is clear that he found that trial counsel did not fail to convey a plea offer to Petitioner.  Such a factual finding is presumed to be correct.  *See*, 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be

presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."); *see also, Nelson v. Walker*, 121 F.3d 828 (2d Cir. 1997) ("When reviewing a habeas petition, the factual findings of the New York Courts are presumed to be correct.") (citation and internal quotation marks omitted). Petitioner has not rebutted this presumption.

## ORDER

It is hereby

ORDERED, that pursuant to 28 U.S.C. § 636(b)(1)(C), the Court accepts and adopts the Report and Recommendation (Docket No. 22) in its entirety, and, for the reasons stated in the Report and Recommendation, this action is dismissed. Petitioner's Objections/Motion to Amend (Docket No. 24) is denied.

Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, since Petitioner has not made a substantial showing of the denial of a constitutional right.

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: February 5, 2009
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
Charles J. Siragusa
United States District Judge